# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 5, 2010

139712 & (55)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant/
      Cross-Appellee,

v

JAMES HENRY BUIE,
      Defendant-Appellee/
      Cross-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139712
COA: 278732
Kent CC: 05-010021-FC

On order of the Court, the application for leave to appeal the August 25, 2009 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals. We note, however, that the Court of Appeals relied on an incomplete statement by defense counsel to support its conclusion that defendant did not consent to the use of two-way interactive video testimony under MCR 6.006(C)(2). *People v Buie*, 285 Mich App 401, 417 (2009). Before the first witness testified via video-conferencing, defense counsel stated in full, "I understand this is this particular courtroom's first attempt at this type of technological proceeding, and my client has—wanted to question the veracity of these proceedings, so I'll leave that to the Court's discretion." Defense counsel made no other statement indicating that defendant objected to the video-conferencing procedure. Because of the nature of the attorney's statement and because the trial court failed to make any findings regarding good cause under MCR 6.006(C), the applications for leave to appeal are denied and the proceedings ordered by the Court of Appeals should take place. In addition to determining whether the use of two-way interactive video technology was necessary to further an important public policy or state interest as ordered by the Court of Appeals, the trial court shall make findings regarding good cause and consent pursuant to MCR 6.006(C).

CORRIGAN, J. (*concurring in part and dissenting in part*).

I concur in this Court's order insofar as it clarifies the existing record regarding a statement made by defense counsel, which the Court of Appeals twice mischaracterized in a published opinion. I dissent, however, from the implication that "the nature" of defense counsel's complete statement did not amount to consent under MCR 6.006(C)(2). Because defense counsel plainly consented to the taking of testimony using two-way interactive video technology, I would not expend further judicial resources analyzing the issue during the proceedings on remand.

A jury convicted defendant of two counts of first degree criminal sexual conduct involving a victim under the age of 13,[1] three counts of first degree criminal sexual conduct involving the use of a weapon,[2] and possession of a firearm during the commission of a felony.[3] Defendant appealed, arguing in part that the trial court violated defendant's constitutional right to confront the witnesses against him when it permitted two witnesses, Dr. Vincent Palusci and Dr. Rodney Wolfarth, to testify using two-way interactive video technology. Concluding that the issue was one of first impression, the Court of Appeals remanded the case for an evidentiary hearing to determine whether defendant's Sixth Amendment right to confrontation was violated when the trial court permitted Dr. Palusci and Dr. Wolfarth to testify using two-way interactive video technology as opposed to physically appearing in court.

I concur with this Court's order to the extent that it illuminates the careless mischaracterization of the record by the Court of Appeals. Specifically, the Court of Appeals omitted the complete transcript of defense counsel's statement when it concluded that "[d]efense counsel's statement does not qualify as agreement, approval, or permission; in fact, it indicates that defendant objected to the videoconferencing procedure."[4] I have scrutinized the record. This statement is false. The Court of Appeals twice quoted defense counsel as stating "my client has-wanted to question the veracity of these proceedings."[5] However, defense counsel stated, in full, that "I understand this is this particular courtroom's first attempt at this type of technological proceeding, and my client has—wanted to question the veracity of these proceedings, *so I'll leave that to the Court's discretion*." A review of the record reveals that defense counsel never objected to the use of two-way interactive video technology for the taking of Dr. Palusci's and Dr. Wolfarth's testimony.

---

[1] MCL 750.520b(1)(a).

[2] MCL 750.520b(1)(e).

[3] MCL 750.227b.

[4] *People v Buie*, 285 Mich App 401, 417 (2009).

[5] *Buie,* 285 Mich App at 407, 417.

In light of defense counsel's complete statement, I cannot conclude that "the nature" of that statement manifested anything other than consent. As a threshold matter, the complete statement of defense counsel is "consent" under the Court of Appeals own analysis of the dictionary definition of the term.[6] When defense counsel stated "I'll leave that to the Court's discretion," defendant essentially acquiesced to the taking of testimony using two-way interactive video technology. Defense counsel cannot acquiesce to the court's handling of a matter at trial, only to later raise the issue as an error on appeal.[7] A contrary result would run afoul of the well-established legal principle that a defendant must "raise objections at a time when the trial court has an opportunity to correct the error"[8] and cannot "harbor error as an appellate parachute."[9] Because defense counsel assented to the trial court's use of two-way interactive video technology, I would conclude that defendant plainly consented under MCR 6.006(C)(2) and would foreclose the issue on remand.

Accordingly, I concur in part and dissent in part from this Court's order.

---

[6] As the Court of Appeals acknowledged, MCR 6.006 does not define the term "consent," but Black's Law Dictionary (8th ed) defines the term as "[a]greement, approval, or permission as to some act or purpose, esp. given voluntarily by a competent person; legally effective assent." *Buie,* 285 Mich App at 417.

[7] See *People v Fetterley*, 229 Mich App 511, 520 (1998).

[8] *People v Grant*, 445 Mich 535, 551 (1994).

[9] *People v Carter*, 462 Mich 206, 214 (2000).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 5, 2010

p0302

Clerk